UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBBIE ANN BROMFIELD-THOMPSON,

                Plaintiff,

    v.

AMERICAN UNIVERSITY OF ANTIGUA/
MANIPAL EDUCATION AMERICAS, LLC,
aka GCLR, LLC et al.,

                Defendant.

No. 19-CV-06078 (JMF)

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE
COMPLAINT BY NATIONAL BOARD OF MEDICAL EXAMINERS**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 2

    I.     PARTIES ................................................................................................ 2

    II.    NBME SUBJECT EXAMINATIONS .................................................... 2

    III.   ALLEGATIONS RELATED TO THE CCSE ......................................... 3

ARGUMENT ....................................................................................................... 6

    I.     PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HER CLAIM AGAINST NBME ................................................................. 6

         A.     Standard of Review.................................................................... 6

         B.     Ms. Thompson Lacks Standing.................................................. 7

    II.    THE COURT LACKS PERSONAL JURISDICTION OVER NBME ................ 9

         A.     Standard of Review.................................................................... 9

         B.     NBME Is Not Subject to General or Specific Jurisdiction in New York ................................................................................ 9

              1.     The Court Cannot Exercise General Jurisdiction over NBME ................................................................. 10

              2.     The Court Cannot Exercise Specific Jurisdiction over NBME ................................................................. 12

         C.     Plaintiff Cannot Rely on "Bulge Jurisdiction" over NBME.................... 13

    III.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST NBME........................ 14

         A.     Standard of Review.................................................................... 14

         B.     The CCSE Is Not An Examination Related to Applications, Licensing, Certification, or Credentialing .............................. 15

         C.     Ms. Thompson's Allegations Do Not Reflect a Failure by NBME to Provide Reasonable Accommodations .............................. 16

CONCLUSION...................................................................................................... 18

# TABLE OF AUTHORITIES

**CASES**

*An v. City of New York*,
230 F. Supp. 3d 224 (S.D.N.Y. 2017).....................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................14, 15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................14

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983)...................................................................................7, 8

*Clasen v. Nat'l Bd. of Osteopathic Med. Exam'rs*,
No. 4:15-cv-625, 2015 U.S. Dist. LEXIS 173038 (E.D. Tex. 2015), *adopted
by* 2016 U.S. Dist. LEXIS 29772 (E.D. Tex. 2016) ................................................11

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)...............................................................................10, 11

*Doe v. Nat'l Conf. of Bar Examiners*,
No. 1:16-cv-264, 2017 WL 74715 (E.D.N.Y. 2017) .................................................11

*Holland v. JPMorgan Chase Bank, N.A.*,
No. 19-233, 2019 WL 4054834 (S.D.N.Y. 2019)......................................................6

*J.S. ex rel. N.S. v. Attica Central Schools*,
386 F.3d 107 (2d Cir. 2004)............................................................................2

*Jonas v. Estate of Leven*,
116 F. Supp. 3d 314 (S.D.N.Y. 2015)...........................................................2, 9, 12

*Marcavage v. City of New York*,
689 F.3d 98 (2d Cir. 2012)...........................................................................6, 7, 8

*Masri v. Cruz*,
No. 17-8356, 2019 WL 2388222 (S.D.N.Y. 2019)...................................................15

*Megna v. Biocamp Laboratories Inc.*,
166 F. Supp. 3d 493 (S.D.N.Y. 2016)...............................................................9, 11

*Moore v. S.N.H. Med. Ctr.*,
No. 08-11751-NMG, 2009 WL 5214879 (D. Mass. 2009) ..........................................14

*Munsif v. Am. Bd. of Internal Med.*,
No. 11-5949, 2012 WL 3962671 (E.D. Pa. 2012) ...................................................14

*Prince of Peace Enters., Inc. v. Top Quality Food Market, LLC*,
  No. 07-00349, 2007 WL 704171 (S.D.N.Y. 2007)...............................................................13

*Roscoe-Ajax Const. Co. v. Columbia Acoustics & Fireproofing Co.*,
  39 F.R.D. 608 (S.D.N.Y. 1966) ........................................................................................13

*Sonera Holding B.V. v. Cukorova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014)..........................................................................................9, 10

*Walden v. Fiore*,
  571 U.S. 277 (2014) ..........................................................................................................12

**STATUTES**

42 U.S.C. § 2000a-3(a) .............................................................................................................7

42 U.S.C. § 12188(a)(1) ...........................................................................................................7

42 U.S.C. § 12189 ...............................................................................................1, 7, 15, 16

N.Y. C.P.L.R. § 301 ...............................................................................................................10

N.Y. C.P.L.R. § 302 ...............................................................................................................12

**RULES**

Fed. R. Civ. P. 4(k)(1)(B) ......................................................................................................13

Fed. R. Civ. P. 8(a)(2) ............................................................................................................14

Fed. R. Civ. P. 12(b)(1)............................................................................................................6

Fed. R. Civ. P. 12(b)(6)..........................................................................................................14

Fed. R. Civ. P. 14 ..............................................................................................................13, 14

Fed. R. Civ. P. 19 ...................................................................................................................13

**REGULATIONS**

29 C.F.R. § 36.309 ...................................................................................................................1

## INTRODUCTION

*Pro se* Plaintiff Debbie Ann Bromfield-Thompson ("Plaintiff" or "Ms. Thompson") has sued her former medical school, American University of Antigua ("AUA"), and the National Board of Medical Examiners ("NBME").  *See* Complaint (Dkt. 1).  This case centers on Ms. Thompson's dismissal in July 2016 from AUA, a medical school located in the Caribbean islands.  *See* Complaint ¶ 1.  Ms. Thompson alleges that AUA wrongfully dismissed her because she did not achieve a passing score on the Comprehensive Clinical Science Examination (CCSE), a "practice exam" on which AUA purportedly failed to provide her with reasonable testing accommodations for her alleged dyslexia.  *Id.*  She asserts claims against AUA for violation of the ADA and Section 504 of the Rehabilitation Act, breach of contract, breach of the duty of "bad faith" and fair dealing, and intentional/negligent infliction of emotional distress.  *See* Complaint ¶¶ 51-78.

Ms. Thompson also asserts a single claim against NBME under a provision in Title III of the ADA that is applicable to entities that offer certain examinations and courses.  *See id.* ¶ 9 (discussing 42 U.S.C. § 12189 and 29 C.F.R. § 36.309); ¶¶ 60-65.  Ms. Thompson alleges that NBME "sponsored" the CCSE and "knew" that she had not been provided with a reasonable accommodation.  *Id.* ¶¶ 9, 65.

Ms. Thompson's claim against NBME fails.  The only relief available under Title III of the ADA is prospective injunctive relief to prevent future harm.  She does not have standing to seek such relief given that she was dismissed from medical school in July 2016 and there is no threat of future harm relating to her taking the CCSE exam.  This Court also lacks personal jurisdiction over NBME with respect to Ms. Thompson's claim, and she has failed to state a

viable claim in all events.  For the reasons discussed below, Ms. Thompson's claim against NBME should be dismissed.

## BACKGROUND[1]

### I.    PARTIES

Ms. Thompson resides in Washington, D.C., and was a resident of Washington, D.C. at all times relevant to the allegations in her Complaint.  *See* Complaint ¶ 8.  In 2010, she was admitted to AUA as a fifth semester transfer student from St. Matthews University, a medical school located in the Cayman Islands.  *See id.* ¶ 16.  Ms. Thompson alleges that she has dyslexia and is substantially limited in "her ability to read and learn."  Complaint ¶ 4.

AUA is "an offshore medical school" headquartered in Antigua.  *Id.* ¶ 9.  NBME is a private, not-for-profit organization located in Philadelphia, Pennsylvania with no connection to AUA.  *See* Complaint ¶ 9.

### II.   NBME SUBJECT EXAMINATIONS

NBME develops and sells standardized subject examinations that can be used as assessment tools by medical educators.  *See* Declaration of Cheri Kershen ("Kershen Decl.") ¶ 5.[2]  Medical schools and other institutions that utilize these subject examinations choose which examinations they will order and set individual policies and procedures for when the

---

[1] The allegations in the Complaint are accepted solely for the purpose of this motion to dismiss.

[2] NBME is offering the Declaration of Cheri Kershen in support of its motion to dismiss for lack of subject matter jurisdiction and its motion to dismiss for lack of personal jurisdiction.  *See J.S. ex rel. N.S. v. Attica Central Schools*, 386 F.3d 107, 110 (2d Cir. 2004) ("We may consider affidavits and other materials beyond the pleadings to resolve the [subject matter jurisdiction] issue, but we may not rely on conclusory or hearsay statements contained in the affidavits.") (citation omitted); *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015) ("In deciding a motion to dismiss a complaint for want of personal jurisdiction, the district court may consider materials outside the pleadings, including affidavits and other written materials.").  NBME's motion to dismiss for failure to state a claim is based solely on the allegations in the Complaint.

examinations are taken, who takes the examinations, and how the institution will use the scores. *Id.* Most of the institutions who use subject examinations are medical schools and medical residency programs, which usually administer the examinations at their schools. *Id.* ¶ 6. Institutions may also opt to have the subject examinations that they choose to use administered at a test center run by Prometric, Inc., a third-party vendor. *Id.* Subject examinations are not available to the general public and NBME does not sell subject examinations to individuals. *See id.*[3]

If an examinee seeks disability-based testing accommodations on a subject examination, the examinee's institution, not NBME, determines whether any accommodations are warranted, decides the specific accommodations that are reasonable for the examinee, and bears all costs associated with any such accommodation. *Id.* ¶ 7.

This lawsuit involves the Comprehensive Clinical Science Examination ("CCSE"), Complaint ¶ 12, a subject examination, *see* Kershen Decl. ¶ 8. The CCSE is an achievement test covering material typically learned during basic science education and core clinical clerkships. *Id.* It covers topics similar to those found on the USMLE Step 2 CK exam and is often purchased and used by medical schools to identify students' strengths and weaknesses prior to their taking the USMLE. *Id.*

## III. ALLEGATIONS RELATED TO THE CCSE

Ms. Thompson was admitted to AUA in January 2010 as a fifth semester transfer student. *See* Complaint ¶ 16. In June 2015, she was administratively withdrawn from AUA. *See id.* ¶ 25.

---

[3] NBME also co-sponsors the United States Medical Licensing Examination (USMLE) program. *See* Complaint ¶ 9. The USMLE is a standardized examination used to evaluate applicants' competence for medical licensure. *See id.*; *see also* Kershen Decl. ¶ 4. Three "Step" exams make up the USMLE, taken at different times in an individual's medical education process: Step 1, Step 2 (consisting of the Step 2 Clinical Knowledge exam (Step 2 CK) and the Step 2 Clinical Skills exam (Step 2 CS)), and Step 3. *Id.* The USMLE is not at issue in this litigation.

She was re-admitted that same month.  *See id.* ¶ 26.  AUA informed Ms. Thompson that, as a condition to her re-readmission, it was requiring her to pass the CCSE with a score of at least 79 by no later than March 31, 2016.  *See id.* ¶¶ 25-27.  Ms. Thompson had already taken the CCSE three times in 2014 with time-and-a-half accommodations (i.e., she had 50% additional time to take the test compared to examinees who tested under standard time conditions) but she was "unsuccessful."  *See id.* ¶ 29.  She therefore sought double time accommodations from AUA, which AUA approved.  *See id.* ¶¶ 30-32.

Ms. Thompson alleges that when she sat for the CCSE in November 2015 with double testing time, she "sat [for] the exam for 9 straight hours without any breaks in between and suffered excruciating pain in her feet in the last two hours of the exam resulting in Plaintiff guessing a significant number of answers just to get through the exam."  *Id.* ¶ 32.  After that, she contacted NBME to complain about the conditions under which she took the CCSE, "either not being given sufficient time or in the one instance when she was given double time she got no breaks during the exam."  *Id.* ¶¶ 29-33.  According to Ms. Thompson, NBME explained that the "official exam" (presumably a reference to the USMLE Step 2 CK exam) is given over a two-day period "and suggested that Plaintiff contact AUA and ask whether AUA would be willing to find a site where Plaintiff could take the exam over a 2-day period."  *Id.* ¶ 34.

Ms. Thompson references a January 15, 2016 letter from Cheri Kershen, an NBME employee, "describing the procedures under which Plaintiff was able to sit [for] the CCSE over a 2-day period" at an NBME-approved site.  *Id.* ¶ 35.  AUA, however, "was unable to locate an approved site."  *Id.* ¶ 36.  The AUA Chief Proctor in Antigua informed Ms. Thompson that he was unable to locate a site for taking the exam over a two-day period "and advised Plaintiff in an email to 'take the exam like any other student.'"  *Id.* ¶ 36.

4

Ms. Thompson alleges that "NBME arranged with AUA and the Prometric Center located in Virginia to add more than double time to the exam to enable Plaintiff to take breaks." Complaint ¶ 39.  According to Ms. Thompson, an extra one hour and four minutes would be built into the examination time to enable her to take breaks.  *Id.*  Ms. Thompson alleges that she took the exam on July 1, 2016 "and sat for 11 hours at a desk which had a large metal sheet underneath which blocked her from stretching her legs." *Id.* ¶ 40.[4]  She claims that the screen would go blank when she returned from breaks and that she had to "keep a mental time of her breaks as she was not allowed to wear a watch[,]" although she also notes that the "exam had its own time on the screen … [that] kept running when she left for breaks." *Id.*  She alleges that each time she returned from a break, "she had to be patted down, an event that caused her to panic even more because these extra delays caused time to run even more." *Id.*  Ms. Thompson does not allege that she ran out of time while taking the test or had to guess answers to any of the questions while testing in July 2016.  She claims that she experienced fatigue and pain "despite the extra time." *Id.* ¶ 41.

Ms. Thompson received a score of 72 on the July 1, 2016 administration of the CCSE, which was lower than the required score set by AUA.  *See id.* ¶¶ 26-27, 43.  AUA dismissed Ms. Thompson from medical school in July 2016.  *See id.* ¶¶ 44, 46.  Ms. Thompson has not been readmitted to medical school.  *Id.* ¶ 50.

---

[4] As reflected in Ms. Thompson's allegations, the CCSE was a nine-hour examination when taken with double time.  *See* Complaint ¶ 32.  An 11-hour examination period would therefore allow Ms. Thompson at least 2 hours to take breaks during testing.  Ms. Thompson's allegations show that she took breaks away from the computer during the test day.  *See* Complaint ¶ 40.

Ms. Thompson asserts one claim against NBME: a claim for violation of the ADA.  *See* Complaint ¶¶ 60-65.[5]  She alleges that "NBME and AUA were well aware that the official exam was given over a 2-day period and should never have agreed to offer the exam to Plaintiff to sit for a 11-hour period in one day" and alleges that "[b]oth AUA and NBME … knew that requiring Plaintiff to sit [for] an exam over an 11 hour period did not constitute reasonable accommodation."  *Id.* ¶¶ 62, 65.  For relief from NBME, Ms. Thompson seeks a declaration that NBME discriminated against her by failing to grant reasonable accommodations and "[a]ppropriate injunctive relief," including an order "restraining AUA/NBME from engaging in any further discrimination" against her.  Complaint pp. 15-16, items (b) and (c).

## ARGUMENT

I.   **PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HER CLAIM AGAINST NBME**

A.   **Standard of Review**

"'A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when … the plaintiff lacks constitutional standing to bring the action.'"  *An v. City of New York*, 230 F. Supp. 3d 224, 228 (S.D.N.Y. 2017) (citation omitted); *see also Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) ("Article III limits the subject matter jurisdiction of federal courts to actual 'cases' or 'controversies,' … which requires, among other things, that a plaintiff sustain the burden of establishing standing.") (citations omitted).  The Court accepts as true all material allegations of the complaint and construes the complaint in favor of the plaintiff.  *Id.*  "A plaintiff proceeding against multiple defendants must establish

---

[5] In the introduction of her Complaint, Ms. Thompson states that the "action against NBME is based on violations of the Americans with Disabilities Act, the Rehabilitation Act, and the New York State and City Human Rights Acts," Complaint ¶ 7, but she does not actually plead any Rehabilitation Act claim or New York Human Rights Act claim against NBME, *see id.* ¶¶ 51-78.

standing as to each defendant and each claim." *Holland v. JPMorgan Chase Bank, N.A.*, No. 19-233, 2019 WL 4054834, at *6 (S.D.N.Y. 2019) (citations omitted).

"A motion to dismiss for lack of Article III standing may be facial or factual." *Id.* (citation omitted). A facial challenge goes to the sufficiency of the facts alleged, "not the facts themselves." *Id.* (citations omitted). "On a factual challenge, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Id.* (citations omitted).

### B. Ms. Thompson Lacks Standing

NBME explains below why Ms. Thompson's ADA claim fails as a matter of law, as it relates only to the CCSE and the CCSE is not a type of examination covered by 42 U.S.C. § 12189. *See infra* Section III.B. But even if Ms. Thompson had a viable ADA Title III claim, she does not have standing to pursue it.

The only relief available under Title III is preventive injunctive relief. *See* 42 U.S.C. § 12188(a)(1) (making the "remedies and procedures set forth in section 2000a-3(a) of this title" applicable to Title III violations); 42 U.S.C. § 2000a-3(a) (allowing "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order"). Indeed, Ms. Thompson only seeks declaratory and injunctive relief against NBME. *See* Complaint, Request for Relief items (b)-(c). Ms. Thompson does not have standing to seek such relief against NBME, however, because her allegations do not show a likelihood of injury for which any preventive relief is necessary. Ms. Thompson alleges that she did not receive reasonable accommodations when she sat for the CCSE examination in 2016. Complaint ¶¶ 60-65. This past alleged injury, however, does not support her current claim for relief against NBME. "To obtain *prospective* relief, such as a declaratory judgment or an injunction, a

plaintiff must … demonstrate a 'certainly impending' future injury." *Marcavage*, 689 F.3d at 103; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (citation omitted).  Ms. Thompson cannot rely on alleged past injures to establish a "certainly impending future injury;" rather, she "must establish how [she] will be injured prospectively and that the injury would be prevented by the equitable relief sought." *Marcavage*, 689 F.3d at 103 (citations omitted).

Ms. Thompson has not, and cannot, make a showing of a certainly impending future injury with respect to the CCSE and NBME.  She is not enrolled in medical school and has not been enrolled in medical school since she was dismissed from AUA in July 2016.  *See* Complaint ¶¶ 45-46, 50.  She therefore cannot take the CCSE.  The CCSE is not available to the general public and individuals cannot order the test.  *See* Kershen Decl. ¶ 6.  An institution— such as a medical school or medical residency program—must order the test for individuals they deem qualified to take the test.  *See id.* ¶¶ 5-6.  Ms. Thompson, however, is not enrolled at AUA and does not allege that she is part of any school or program that requires the CCSE exam or could order the CCSE exam for her.  Because Ms. Thompson cannot take the CCSE, there is no certainly impending future injury to support Ms. Thompson's standing to pursue her purported ADA Title III claim against NBME relating exclusively to that exam.  *See Lyons,* 461 U.S. at 95 ("The speculative nature of Lyons' claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.").

Ms. Thompson may argue that she is seeking readmission to AUA as part of her lawsuit. *See* Complaint, Request for Relief (c).  Even if she were to succeed on this claim (which appears far from certain based on the allegations in her complaint), it is entirely conjectural whether she would be required to take the CCSE again if she were readmitted,  when—if at all—AUA would require her to take the examination, what accommodations she would seek from AUA if she did

take the examination, and what accommodations AUA would agree to provide her in the future

(it is AUA, not NBME, that makes this determination, *see* Kershen Decl. ¶ 7; *see also* Complaint

¶¶ 30-32).  These multiple layers of uncertainty defeat any suggestion of certainly impending

future injury (if any injury at all) vis-à-vis the CCSE and NBME.

Ms. Thompson lacks standing to pursue her purported ADA claim against NBME, and

NBME must be dismissed from this lawsuit.

## II.   THE COURT LACKS PERSONAL JURISDICTION OVER NBME

### A.   Standard of Review

"Upon motion, the Court is required to dismiss an action against any defendant over

whom it lacks personal jurisdiction."  *Megna v. Biocamp Laboratories Inc.*, 166 F. Supp. 3d 493,

496 (S.D.N.Y. 2016).  Plaintiff "'bears the burden of showing that the court has jurisdiction over

the defendant.'"  *Id.* (citations omitted).  Where the Court does not hold an evidentiary hearing,

"'the plaintiff need only make a prima facie showing that the court possesses personal

jurisdiction over the defendant.'"  *Id.* (citation omitted).  "'Such a showing entails making

legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,]

would suffice to establish jurisdiction over the defendant.'"  *Jonas v. Estate of Leven*, 116 F.

Supp. 3d 314, 323 (S.D.N.Y. 2015) (citation omitted).  In deciding whether plaintiff has met her

burden, "the pleadings and affidavits must be viewed in the light most favorable to the plaintiff,

with all doubts resolved in her favor.… 'However, conclusory allegations are not enough to

establish personal jurisdiction.'"  *Megna*, 166 F. Supp. 3d at 496 (citations omitted).

### B.   NBME Is Not Subject to General or Specific Jurisdiction in New York

The Court engages in a two-step inquiry in determining whether NBME is subject to

personal jurisdiction in this federal-question case.  First, it determines "whether the defendant is

subject to jurisdiction under the law of the forum state—here, New York." *Sonera Holding B.V. v. Cukorova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (citation omitted).  Second, it considers "whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution."  *Id*.

"There are two types of personal jurisdiction: specific and general.  Specific or conduct-linked jurisdiction … 'depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation.'"  *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  General jurisdiction "exists only when a corporation's contacts with a state are 'so continuous and systematic as to render [it] essentially at home in the forum state.'"  *Id.* (quoting *Goodyear*, 131 S. Ct. at 2851) (internal quotation mark omitted).

### 1.    The Court Cannot Exercise General Jurisdiction over NBME

It is not clear whether Ms. Thompson is alleging that the Court can exercise general jurisdiction over NBME.  *See* Complaint ¶ 12.  There is no basis, however, for this Court to do so.  "[A] court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citation omitted); *see also Sonera Holding B.V.*, 750 F.3d at 224 (finding that corporation was not subject to general jurisdiction under the due process principles in *Daimler*, rendering any review of whether jurisdiction was supported under N.Y. C.P.L.R. 301 irrelevant).  "The natural result of general jurisdiction's 'at home' requirement is that 'only a limited set of affiliations with a forum will render a defendant amenable to all-

purpose jurisdiction there.'" *Sonera Holding*, 750 F. 3d at 225 (citing *Daimler*, 134. S. Ct. at 760).

A corporation's place of incorporation and principal place of business are the "paradigm" bases for general jurisdiction, *Daimler*, 134 S. Ct. at 137, and neither applies here.  NBME's principal place of business is Philadelphia, Pennsylvania, not New York.  *See* Complaint ¶ 12.  It is incorporated in Washington, D.C.  *See* Kershen Decl. ¶ 3.  There are no allegations in the complaint remotely suggesting that this is one of the "exceptional" cases where general jurisdiction can be asserted outside of these "paradigm" locations.

Ms. Thompson alleges that NBME "does substantial business in New York City and Washington, D.C. by sponsoring and proctoring various exams on behalf of medical schools and colleges including the practice exam (CCSE) which is the subject of this lawsuit."  Complaint ¶ 13.  She also alleges that "AUA and its agents and NBME regularly transact business in New York State."  *Id.*  These allegations are conclusory, *see Megna*, 166 F. Supp. 3d at 496 ("conclusory allegations are not enough to establish personal jurisdiction"), and are not sufficient to support "at home" general jurisdiction over NBME in New York, in any event.

NBME examinations, moreover, are administered across the United States.  *See* Complaint ¶ 9; Kershen Decl. ¶ 9.  Under Ms. Thompson's theory, NBME presumably would be subject to general jurisdiction in every state.  That is not the law.  *See Daimler*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."); *Doe v. Nat'l Conf. of Bar Examiners*, No. 1:16-cv-264, 2017 WL 74715, at *6 (E.D.N.Y. 2017) (rejecting argument that organization that develops and administers bar-related examinations in New York was subject to general jurisdiction in New York and noting, "Accepting this argument … would subject the NCBE to limitless general jurisdiction across the

country, a result the Supreme Court directly cautioned against in *Daimler*."); *Clasen v. Nat'l Bd. of Osteopathic Med. Exam'rs,* No. 4:15-cv-625, 2015 U.S. Dist. LEXIS 173038, at *14-15 (E.D. Tex. 2015) (administration of national standardized test in Texas—as well as all 50 states— "does not constitute the requisite 'substantial, continuous, and systematic[ ] contacts' necessary for a finding of general jurisdiction") (citation omitted), *adopted by* 2016 U.S. Dist. LEXIS 29772 (E.D. Tex. 2016).

### 2.    The Court Cannot Exercise Specific Jurisdiction over NBME

Ms. Thompson does not allege that NBME took any act relevant to her claim in New York or that the Court has specific jurisdiction over NBME.  Nor could she.  Ms. Thompson's claim against NBME does not arise from any act that NBME took in New York, and the exercise of specific jurisdiction over NBME would not be consistent with the long-arm statute or due process.  *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.").

"'[A] defendant may be subject to New York's long-arm statute, N.Y. C.P.L.R. § 302, if [it] engages in the following acts either in person or through an agent *and* such acts relate to an asserted claim: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) commits a tortious act within the state; (3) commits a tortious act outside the state but injures a person or property in the state; or (4) owns, uses, or possesses any real property in the state." *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323-24 (S.D.N.Y. 2015) (citing N.Y. C.P.L.R. § 302(a)).  Ms. Thompson, a Washington, D.C., resident, claims that NBME, which operates out of Pennsylvania, violated the ADA with respect to an examination she took in Virginia, in connection with her attendance at a medical school located in the

12

Caribbean islands.  *See* Complaint ¶¶ 8, 12, 14, 65.[6]  Her claim against NBME is not based on

NBME transacting business in New York or contracting to supply goods or services in New

York, is not based on NBME committing a tortious act (in New York or anywhere), does not

involve injury to a person or property in New York, and is not based on NBME's ownership, use,

or possession of any real property in New York.  There is thus no basis for asserting specific

jurisdiction over NBME consistent with the New York long arm statute or due process.

### C.      Plaintiff Cannot Rely on "Bulge Jurisdiction" over NBME

Ms. Thompson mistakenly alleges that the Court can assert jurisdiction over NBME

under Fed. R. Civ. P. 4(k)(1)(B).  *See* Complaint ¶ 13.  Rule 4(k)(1)(B), also known as the

"bulge rule," provides that service of a summons establishes personal jurisdiction over a

defendant who is a party joined under Rule 14 or 19 and is served within a judicial district not

more than 100 miles from where the summons was issued.

By its plain terms, the bulge rule only applies to parties joined under Rules 14 or 19. *See*

Fed. R. Civ. P. 4(k)(1)(B).  It does not apply to defendants like NBME who are originally named

in the complaint.  *See Prince of Peace Enters., Inc. v. Top Quality Food Market, LLC*, No. 07-

00349, 2007 WL 704171, at *2 (S.D.N.Y. 2007) (plaintiff "may not use the bulge provision to

obtain service on an original defendant"); *Roscoe-Ajax Const. Co. v. Columbia Acoustics &*

*Fireproofing Co.*, 39 F.R.D. 608, 609–10 (S.D.N.Y. 1966) (bulge rule applies "only where the

necessary party is brought in as an additional party to a pending action" and not when originally

named as a defendant, even when the party is one of multiple defendants originally named in the

---

[6] Ms. Thompson alleges that AUA made certain decisions relating to her admission to the
medical school, clinical site selections, and her termination from the school from New York.
She also alleges that she attended an AUA orientation in New York and completed clinical
course work for AUA at an AUA facility in New York.  *See* Complaint ¶ 14.  These allegations
have nothing to do with NBME.

Complaint); *see also, e.g., Munsif v. Am. Bd. of Internal Med.*, No. 11-5949, 2012 WL 3962671, at *8 (E.D. Pa. 2012) (bulge rule "does not provide an independent basis for personal jurisdiction over a defendant named in the plaintiff's original complaint"); *Moore v. S.N.H. Med. Ctr.*, No. 08-11751-NMG, 2009 WL 5214879, at *9 (D. Mass. 2009) (defendant named in two-defendant case was not "joined under either Rule 14 or 19 . . . as he was named as an original defendant," and therefore the bulge rule did not apply).

Ms. Thompson cannot rely on the bulge rule to establish personal jurisdiction over NBME because it is an original defendant in this case.

## III.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST NBME

### A.    Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While this requirement does not necessitate "detailed factual allegations," it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570.  A facially plausible claim must be supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Such an inference cannot be drawn based on the pleading of facts suggesting "a sheer

possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted)."Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"Courts must 'liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest.'… That said, pleadings cannot survive by making 'naked assertions devoid of further factual enhancement,' and a court is not 'bound to accept as true a legal conclusion couched as a factual allegation.'" *Masri v. Cruz*, No. 17-8356, 2019 WL 2388222, at *2 (S.D.N.Y. 2019) (citations omitted).

### B. The CCSE Is Not An Examination Related to Applications, Licensing, Certification, or Credentialing

Ms. Thompson's allegations against NBME do not show any actionable conduct by NBME.  Ms. Thompson's claim against NBME is based on 42 U.S.C. § 12189.  *See* Complaint ¶¶ 9, 62-65.  This provision states:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

NBME agrees that it is subject to this statutory provision with respect to the United States Medical Licensing Examination ("USMLE").  *See also* Complaint ¶ 9 ("NBME, along with State Medical Boards sponsors the [USMLE], a licensing examination for prospective doctors.").  USMLE results are reported to medical licensing authorities ("state medical boards") in each jurisdiction for use in granting the initial license to practice medicine.

Ms. Thompson's case, however, does not involve the USMLE.  It involves a subject examination, the CCSE.  *See* Complaint ¶¶ 21-45. By Ms. Thompson's explanation:

> The NBME also sponsors practice and other exams on behalf of medical colleges and universities with medical programs throughout the country. Many of these exams are designed to aid students in preparing for the official USMLE Step 2 exam. Medical schools, including AUA, use the results from these exams to make up part of students' grades. The practice exam which is the subject of this lawsuit made up 20% of Plaintiff's grades.

Complaint ¶ 9. According to Ms. Thompson's own description, the CCSE examination is used by schools (including AUA), not licensing authorities, as a practice exam, and AUA also used her score on the examination as a component of her grade. *See id.* These allegations do not indicate that the CCSE is an examination used for *applications*, *licensing*, *certification*, or *credentialing* for secondary or postsecondary education, professional, or trade purposes. Therefore, Ms. Thompson cannot pursue a claim against NBME under Section 12189 relating to the CCSE.

### C.    Ms. Thompson's Allegations Do Not Reflect a Failure by NBME to Provide Reasonable Accommodations

AUA, not NBME, determined the accommodations Ms. Thompson was provided on the CCSE. *See* Complaint ¶ 31 (discussing request for double-time accommodation on CCSE submitted to Dr. Rice, an AUA official), *see also id.* ¶ 17. Ms. Thompson's allegations show that NBME was prepared to assist her in taking the CCSE examination over a two-day period, subject to AUA finding a suitable site. *See id.* ¶¶ 34-35. AUA was unable to do so. *See id.* ¶ 36 ("Dr. Juli Valtschanoff, AUA's Chief Proctor, in Antigua … stated in an email to Plaintiff that he was unable to locate a site for the taking of the exam over a 2-day period, and advised Plaintiff in an email to 'take the exam like any other student.'"). Ms. Thompson explains that NBME worked with AUA and the Prometric test center to add more than double time to her test to allow her to take breaks. *See id.* ¶ 39. She does not allege that she was unable to complete the test with the time she requested, only that she experienced "fatigue and pain." *Id.* ¶ 41. Ms.

Thompsons' post-test complaints were directed to AUA, not NBME, and even then, she described her testing conditions as "'halfway decent….but less than ideal.'"  *Id.* ¶ 45.

These allegations do not reflect a failure to accommodate by NBME.  Ms. Thompson's statements in her Title III claim that NBME "should never have agreed to offer the exam to Plaintiff to sit for an 11-hour period in one day," *see id.* ¶ 62, and that NBME "knew" that requiring her to sit for an exam over an 11-hour period did not constitute a reasonable accommodation, *see id.* ¶ 65,[7] do not allege that NBME itself failed to provide her with reasonable accommodations on the test.  Ms. Thompson fails to state a claim against NBME under Title III of the ADA.

---

[7] As discussed above, Ms. Thompson's allegations show that she was not forced to sit for 11 hours when taking the CCSE, but instead had two additional hours built in to her double-time (9 hour) examination period in which to take breaks, which she took.  *See supra* n.4.  She wanted double testing time and extra breaks—both of which she received.

## CONCLUSION

NBME respectfully requests that its motion to dismiss be granted and Plaintiff's claims against NBME be dismissed.

Dated:  November 11, 2019

Respectfully submitted,

/s/ Evelyn Y. Pang
Evelyn Y. Pang
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Tel. 212.262.6875
Fax 212.977.1641
EPang@perkinscoie.com

Caroline M. Mew (*pro hac vice motion to be filed*)
PERKINS COIE LLP
700 13th St. NW, Suite 600
Washington, D.C. 20005-3960
Tel. 202.654.1767
Fax 202.654.9551
CMew@perkinscoie.com

*Attorneys for Defendant NBME*