UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBBIE ANN BROMFIELD-THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN UNIVERSITY OF ANTIGUA/MANIPAL EDUCATION AMERICAS, LLC A/K/A GCLR, LLC, AND NBME,<br><br>    Defendants. | Civil Case No.: 19-CV-6078 |

**RESPONSE OF DEFENDANTS AMERICAN UNIVERSITY
OF ANTIGUA AND MANIPAL EDUCATION AMERICAS, LLC
TO ORDER TO SHOW CAUSE**

Defendants American University of Antigua ("AUA") and Manipal Education Americas, LLC ("MEA," together, the "Responding Defendants"), incorrectly sued in this action as American University of Antigua/ Manipal Education Americas, LLC A/K/A GCLR, LLC, by their undersigned counsel, respectfully submit this response to the Order to Show Cause dated October 31, 2019 (Doc. No. 13, the "Order to Show Cause"). As set forth more fully below, the circumstances present here do not warrant entry of a default judgment because: (1) there was a simple misunderstanding between Responding Defendants and their insurance carrier regarding the appointment of counsel, and the failure to appear was otherwise not willful; (2) there has been no prejudice to Plaintiff; and (3) Responding Defendants have meritorious defenses to the claims asserted. Responding Defendants respectfully request that their newly retained counsel be granted until on or before December 2, 2019 to further investigate the alleged claims and respond to the Complaint.

95444782

## BACKGROUND

AUA is an educational entity located in Antigua, West Indies.  (*See* Declaration of Leonard A. Sclafani, dated November 13, 2019 (the "Sclafani Decl.") ¶ 4.)  It is chartered and incorporated under the laws of Antigua and Barbuda.  (*Id.*)  It has no offices in the United States.  (*Id.*)  MEA is a separate entity that provides back office and administrative services, such as accounting, finance and registrarial services, for institutions of higher education internationally.  (*Id.*)  AUA is one of MEA's clients, and is an additional insured entity on MEA's insurance policy that applies to this case.  (*See id.*)

On or about October 9, 2019, Senior Vice President and General Counsel of MEA, Leonard A. Sclafani, was given a copy of the Summons and Complaint in this matter by an administrative assistant in MEA's offices.  (*Id.* ¶ 5; *see also* Proof of Service (Doc. No. 11).)

On that same day, as is customary on matters as to which MEA has insurance coverage, Mr. Sclafani caused the Summons and Complaint to be forwarded to MEA's insurance broker, who, in turn, determined that both MEA and AUA should be covered for the claims set out in the Complaint under MEA's policy with AIG and forwarded it to AIG for coverage, including defense of the action.  (*See* Sclafani Decl. ¶¶ 6-7.)

It appears that on October 31, 2019, the Court entered the Order to Show Cause, ordering that the defendant sued as American University of Antigua/ Manipal Education Americas, LLC A/K/A GCLR, LLC show cause, by November 14, 2019, why it had failed to answer or respond to the Complaint on or before October 25, 2019.  (*See* Doc. No. 13.)[1]  The Court further noted in

---

1. As explained in Mr. Sclafani's Declaration, to his knowledge, there is no such entity as American University of Antigua/ Manipal Education Americas, LLC A/K/A GCLR.  Rather, AUA and MEA are two separate entities.  (*See* Sclafani Decl. ¶ 3.)

   Based on Plaintiff's Proof of Service for October 8, 2019 (Doc. No. 11), assuming for the purposes of this response only that service was properly effectuated, the deadline to respond to the Complaint was October 29, 2019.

the order that "[f]ailure to demonstrate good cause could result in the entry of a default judgment." (*Id.*)

On November 7, 2019, MEA received a copy of the Order to Show Cause by overnight courier. (Sclafani Decl. ¶ 9.) Until that time, Mr. Sclafani had assumed, mistakenly, that AIG already had appointed counsel for MEA and AUA, and that such counsel was appropriately handling the case as the law required. (*See id.* ¶¶ 8-9.) AIG, on the other hand, appears to have been waiting for MEA/AUA to retain counsel who would defend them in the matter. (*See id.* ¶ 10.)

On November 8, 2019, on the same day that he learned of the misunderstanding, Mr. Sclafani, upon obtaining AUA's consent, retained the firm of Hughes Hubbard & Reed LLP to represent both of the Responding Defendants in this matter. (*See id.* ¶ 11.)

## ARGUMENT

### I. THE RESPONDING DEFENDANTS' INADVERTENT FAILURE TO RESPOND TO THE COMPLAINT BY THE ORIGINAL DEADLINE MEETS THE "GOOD CAUSE" STANDARD.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The court may then "set aside an entry of default for good cause" shown. FED. R. CIV. P. 55(c). If, on the other hand, the court enters a default judgment against the defendant, the court may set aside that judgement under Rule 60(b). *Id*.

Here, Plaintiff has not sought entry of a default, and no default has been entered against the Responding Defendants by the clerk; rather, the Court has given Responding Defendants the opportunity to show "good cause" why a default should not be entered. (Doc. No. 13.) Accordingly, Responding Defendants set forth below why their inadvertent failure to answer the

3

Complaint by the original response deadline is "good cause" under the standard established by Rule 55(c).[2]

In determining whether "good cause" has been shown by a defendant, courts in the Second Circuit balance three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Carrasco v. Acropol Rest. Corp.*, No. 18-CV-7883 (OTW), 2019 WL 2325556 (S.D.N.Y. May 31, 2019) (applying the *Enron* factors). Courts also look at other "relevant equitable factors," such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *See Enron*, 10 F.3d at 96. Good cause is construed "generously" and doubt is resolved in favor of the party facing default because "defaults are generally disfavored and are reserved for rare occasions." *See id*. (internal citations omitted); *see also Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("default judgment must remain a weapon of last, rather than first, resort.").

As set forth below, good cause exists to excuse the Responding Defendants' inadvertent and mistaken failure to respond to the Complaint by the original deadline of October 29, 2019 because (1) the failure was not willful, (2) Plaintiff has not been prejudiced, and (3) the Responding Defendants have a meritorious defense to Plaintiff's claims.

        **A.**     **The Responding Defendants' Failure to Respond to the Complaint by the Original Deadline Was Not Willful.**

For the purpose of default, "'willfulness' refers to 'conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained.'" *Carrasco*,

---

2. Responding Defendants reserve all rights and arguments to contest the entry of a default judgment in the event that such a judgment is entered.

2019 WL 2325556, at *2 (citing *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015)).  "[M]ere negligence and carelessness" do not constitute willfulness.  *See Westvaco Corp. v. Viva Magnetics Ltd.*, No. 00Civ.9399(LTS)(KNF), 2002 WL 1683454, at *2 (S.D.N.Y. July 24, 2002) (citing *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).

Here, Responding Defendants' failure to meet the original response deadline was not willful.  Rather it was based on a mistaken belief by MEA's General Counsel that MEA's insurance carrier already had appointed counsel on behalf of the Responding Defendants and that such counsel was appropriately handling the case.  (*See supra* at 2-3.)  Courts in the Second Circuit have consistently held that a failure to respond by an original deadline in similar circumstances, *i.e.*, as a result of an inadvertent mistake, does not constitute willful default.  *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (failure to respond to a complaint for two months because of the misfiling of a notice of action by the in-house counsel's office manager, who mistakenly assumed that the case had been assigned and was being diligently handled by a staff attorney, held to be non-willful); *see also Packard v. City of New York*, 2018 WL 2229123 (S.D.N.Y. Apr. 30, 2018) (finding good cause because defendants' failure to respond was not willful, but due to an "unfortunate oversight" likely due to transition of counsel); *Kampfer v. Cuomo*, 993 F. Supp. 2d 188, 192 (N.D.N.Y. 2014), *aff'd*, 643 F. App'x 43 (2d Cir. 2016) (finding good cause where delay in answering the complaint was due to a calendaring error).

Upon receiving the Order to Show Cause on November 7, 2019 and learning of the misunderstanding with its insurance carrier, MEA's General Counsel immediately took steps to remedy the situation.  He consulted with AUA and, with its consent as to itself, retained counsel

95444782

on November 8, 2019 to represent MEA and AUA in this litigation.  (*See supra* at 3.) Responding Defendants are now addressing the Court's Order to Show Cause in a diligent and timely fashion.  These facts further militate against a finding of willfulness.  *See, e.g.*, *Carrasco*, 2019 WL 2325556, at *3 (prompt remedial action and subsequent diligent participation in the litigation weighed in favor of a finding of non-willfulness).  Accordingly, the Court should find that Responding Defendants' inadvertent failure to respond to the Complaint by the original deadline was not willful.

        **B.**        **Excusing the Responding Defendants' Failure to Respond to the Complaint by the Original Deadline Will Not Prejudice the Plaintiff.**

Excusing the Responding Defendants' failure to respond to the Complaint by the original deadline of October 29, 2019, and even affording their newly-appointed counsel time until December 2, 2019 to respond to the Complaint, will not prejudice Plaintiff.  First, much longer delays have been held non-prejudicial by this court.  *See Carrasco*, 2019 WL 2325556, at *3 (nine-month delay in defendants responding to the complaint held non-prejudicial to plaintiff). Second, "delay standing alone does not establish prejudice" for the purpose of a good cause determination.  *Enron*, 10 F.3d at 98.  Rather, to show prejudice sufficient to overcome a showing of good cause, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal citations and quotation marks omitted).  None of those concerns exists here.  Finally, Responding Defendants are aware of no other grounds of prejudice to Plaintiff.

        **C.**        **Responding Defendants Have a Meritorious Defense to Plaintiff's Claims.**

The third *Enron* factor – whether a meritorious defense is presented – also favors a finding of good cause to excuse the Responding Defendants' failure to respond to the Complaint

by the original deadline of October 29, 2019. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'" *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d at 61; *see also Carrasco*, 2019 WL 2325556, at *3 ("the bar for such a showing is not high: 'a defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'") (internal citation omitted).

Although counsel for the Responding Defendants, who were recently retained, are continuing to investigate the allegations in the Complaint and the Responding Defendants reserve all their rights and defenses, it is clear from the face of the Complaint that Responding Defendants have a meritorious defense to Plaintiff's claims. Plaintiff's principal allegation is that she suffers from dyslexia and that Responding Defendants allegedly did not "reasonably" accommodate her disability in the taking of her exams. (*See* Compl. ¶¶ 1, 44, 59, 65.) Responding Defendants deny these allegations. Rather, as Plaintiff's Complaint concedes, AUA continuously and extensively accommodated Plaintiff, including, by permitting Plaintiff to sit for her Clinical Science Comprehensive Examination five times, initially with one and half times the regular examination time, then double the regular examination time, and eventually with more than the double the amount of that time with over an hour of breaks built in. (*See id*. ¶¶ 29, 31-32, 40.) Even more notably, as Plaintiff has further conceded in her Complaint, Plaintiff made an earlier complaint to the Department of Education, Office of Civil Rights, on similar grounds, and the Department ruled in favor of AUA. (*See id*. ¶ 15.) AUA's accommodations were more than reasonable and constitute a meritorious defense to Plaintiff's claims. *See Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (defendants' denial of Plaintiff's allegations and claim that they were not negligent in providing accommodations to Plaintiff

satisfied the "meritorious defense" requirement of the good cause standard at the pleadings-stage of the case).

******

As set forth above, all three *Enron* factors – lack of willfulness, lack of prejudice and presentation of a meritorious defense – weigh strongly in favor of a finding of good cause for Responding Defendants' inadvertent failure to respond to the Complaint by the original deadline. Responding Defendants respectfully request that the Court find accordingly.

Responding Defendants also request that the Court grant their recently appointed counsel a brief extension until December 2, 2019 to adequately investigate Plaintiff's allegations and respond to the Complaint.  *See Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, No. 02 Civ. 1276(PKL), 2003 WL 942556 (S.D.N.Y. Mar. 7, 2003) (granting defendants an extension of forty days to retain, and review their answer and potential counterclaims with, new counsel).

[*Continues on next page*]

## CONCLUSION

For the reasons set forth above, the Responding Defendants respectfully request that the Court find that good cause exists for their inadvertent failure to respond to the Complaint by the original deadline of October 29, 2019, and grant them additional time until December 2, 2019 to respond to Plaintiff's Complaint.

Dated: New York, New York
November 14, 2019

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s *Robb W. Patryk*
   Robb W. Patryk
   Amina Hassan
   One Battery Park Plaza
   New York, New York 10004-1482
   (212) 837-6000

*Attorneys for Defendants Manipal Education Americas, LLC and American University of Antigua*