UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBBIE ANN BROMFIELD-THOMPSON,

Plaintiff,

v.

AMERICAN UNIVERSITY OF ANTIGUA/MANIPAL EDUCATION AMERICAS, LLC A/K/A GCLR, LLC, AND NBME,

Defendants.

Civil Case No.: 19-CV-6078

**DECLARATION OF LEONARD A. SCLAFANI**

I, Leonard A. Sclafani, declare, pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, as follows:

1. I am the Senior Vice President and General Counsel of Manipal Education Americas, LLC.

2. I submit this declaration in support of the Response of Defendants American University of Antigua and Manipal Education Americas, LLC to the Order to Show Cause dated October 31, 2019 (the "Order to Show Cause"). I have personal knowledge of the matters set forth in this declaration.

3. As a preliminary matter, at least two of the defendants in this action have been sued under an incorrect name. To my knowledge, there is no entity named American University of Antigua/ Manipal Education Americas, LLC A/K/A GCLR, LLC. Rather, there are two different entities – American University of Antigua ("AUA") and Manipal Education Americas, LLC, formerly known as GCLR LLC ("MEA.").

4. AUA is an educational entity in Antigua. It is chartered and incorporated under the laws of Antigua and Barbuda. It has no offices in the United States. MEA is a

separate entity that provides back office and administrative services, such as accounting, finance and registrarial services, for institutions of higher education internationally. AUA is one of MEA's clients, and is an additional insured entity on certain of MEA's insurance policies, including the one applicable here.

5. On or about October 9, 2019, I was given a copy of Plaintiff's Summons and Complaint in this matter by Anita O'Brien,[1] an administrative assistant at MEA in its offices here in New York.

6. MEA has several policies of insurance that provide coverage for various different types of claims. As is customary on those rather infrequent instances in which MEA is sued and/or for which MEA believes that it has insurance coverage, I directed that MEA's Chief Operating Officer send the copy of Plaintiff's Summons and Complaint to MEA's insurance broker with instruction that the broker forward the documents to any and all of the carriers who might afford either or both of AUA and MEA coverage for the claims alleged in the Complaint.

7. I subsequently confirmed with MEA's Chief Operating Officer that MEA's broker had determined that both AUA and MEA would be covered by its policy with AIG and, as well, that our broker had tendered the defense of the suit to AIG on our behalf.

8. It was my understanding that, as has happened in the past in those few instances in which MEA had been sued, our carrier would appoint counsel who would appear and defend MEA and AUA.

1. Contrary to what is stated in Plaintiff's Proof of Service (Dkt. No. 11), Ms. O'Brien does not work in, or provide services for, MEA's Legal Department.

9. Until MEA received a copy of the Order to Show Cause in this matter by overnight courier on November 7, 2019, I had assumed, incorrectly, that AIG already had appointed counsel and that such counsel was handling the matter as required.

10. Upon receipt of the Order to Show Cause, I conducted a brief investigation from which I learned that AIG had not yet appointed counsel but, instead, was apparently waiting for MEA to do so.

11. On that same day, on November 8, 2019, I consulted with AUA and, with its consent as to itself, retained the firm of Hughes Hubbard & Reed LLP to represent both AUA and MEA in the matter.

12. Having just recently retained counsel, I respectfully request that the Court decline to enter a default judgment in this case and grant Hughes Hubbard time to investigate this matter and respond to the Complaint on or before December 2, 2019.

Dated: New York, New York
November 13, 2019

Leonard A. Sclafani