```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
DEBBIE ANN BROMFIELD-THOMPSON,                        :
                                                      :
                          Plaintiff,                  :      19-CV-6078 (JMF)
                                                      :
            -v-                                       :      ORDER
                                                      :
AMERICAN UNIVERSITY OF ANTIGUA et al.,                :
                                                      :
                          Defendants.                 :
                                                      :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 31, 2019, the Court ordered Defendants American University of Antigua ("American University") and Manipal Education Americas, LLC ("Manipal") — misidentified in the Complaint as a single entity — to show cause by November 14, 2019, why they failed to answer or respond to the Complaint. ECF No. 13. By that date, Defendants entered their appearances, submitted an explanation of their failure, and requested an extension of the time to answer or respond. *See* ECF Nos. 27-30.

The Court may extend Defendants' time to answer "after the time has expired" upon a showing of "good cause" and that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The Second Circuit has stated that 'excusable neglect' is a 'somewhat elastic concept' that may include . . . 'delays caused by inadvertence, mistake, or carelessness' where 'the delay was not long, there is no prejudice to the opposing party, and the belated party's excuse has some merit.'" *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, No. 11-CV-3983 (SJ) (MDG), 2012 WL 28291, at *2 (E.D.N.Y. Jan. 5, 2012) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995)) (alterations omitted).

Applying those standards, the Court concludes that Defendants' time to answer should be extended. From Defendants' response, it is apparent that their delay was due to "inadvertence, mistake, or carelessness." And the delay has not prejudiced Plaintiff, especially since the case has been able to proceed during this time through Defendant NBME's motion to dismiss, which raises the same types of arguments previewed in the recently appearing Defendants' response. *Compare* ECF No. 16, at 16-17, *with* ECF No. 27, at 7-8. Moreover, the Second Circuit has expressed a "clear preference for adjudication on the merits" in the "absence of prejudice to plaintiff." *See Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 368 (E.D.N.Y. Mar. 27, 2012) (quoting *Miller v. Apfel*, 210 F.3d 355, at *1 (2d Cir. 2000) (summary order)). Thus, the Court concludes that good cause exists and that the extension should be granted.

In light of the foregoing, all Defendants shall confer and submit a joint letter by **November 25, 2019**, indicating whether and to what extent they can consolidate their responses to the Complaint in a single amended motion to dismiss or answer.

If Defendants indicate that they can and will file a (revised) consolidated motion to dismiss, that motion shall be due on **December 20, 2019**. Upon its filing, the Court will deny NBME's prior motion as moot. If Plaintiff believes that the pleading of additional facts will cure deficiencies identified in the consolidated motion, Plaintiff should include those facts in an amended complaint, to be filed by **January 20, 2020**. Plaintiff will not be given any further opportunity to amend the Complaint to address issues raised in the motion to dismiss. If Plaintiff does not file an amended complaint, Plaintiff shall file any opposition to the consolidated motion by **January 20, 2020**, and Defendants shall file any reply by **January 27, 2020**.

If, on the other hand, Defendants indicate in their joint letter that they cannot fully consolidate their responses to the Complaint, then American University and Manipal shall answer, move to dismiss, or otherwise respond to the Complaint by **December 9, 2019**. If American University and Manipal file an answer, then the briefing schedule for NBME's motion to dismiss set forth in the Court's prior Order at ECF No. 24 shall remain in effect. If, however, American University and Manipal file their own motion to dismiss, then the following consolidated briefing schedule shall apply instead: If Plaintiff believes that the pleading of additional facts will cure deficiencies identified in either NBME's motion to dismiss or American University and Manipal's motion to dismiss, or both, then Plaintiff should include those facts in an amended complaint, to be filed by **January 13, 2020**. Plaintiff will not be given any further opportunity to amend the Complaint to address issues raised by either motion. If Plaintiff does not file an amended complaint, Plaintiff shall file a single, consolidated opposition to both American University and Manipal's motion to dismiss and NBME's motion to dismiss by **January 13, 2020**, and Defendants shall file their replies by **January 20, 2020**.

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: November 18, 2019
New York, New York

JESSE M. FURMAN
United States District Judge