UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBBIE ANN BROMFIELD-THOMPSON,

    Plaintiff,

v.

AMERICAN UNIVERSITY OF ANTIGUA/MANIPAL EDUCATION AMERICAS, LLC A/K/A GCLR, LLC, AND NBME,

    Defendants.

Civil Case No.: 19-CV-6078 (JMF)

## DECLARATION OF VERNON SOLOMON

Pursuant to 28 U.S.C. § 1746, I, Vernon Solomon, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1.     I am the Vice President for Administration and Community Affairs at the American University of Antigua ("AUA").

2.     I submit this declaration in support of the motion to dismiss the First Amended Complaint (the "Motion to Dismiss") by defendants AUA and Manipal Education Americas, LLC ("MEA"). I have personal knowledge of the matters set forth in this declaration. For purposes of the Motion to Dismiss, I am providing here information regarding AUA, MEA and certain AUA policies and procedures that are relevant to this motion.

3.     AUA is a medical school located and operated in Coolidge, Antigua. It is chartered and incorporated under the laws of Antigua and Barbuda. Its only campus is in Antigua, where I am based, as are the rest of AUA's academic functions.

4.     AUA has no offices in New York or the United States.

5.     AUA contracts with certain vendors and service-providers based in the United States to provide it specific services. MEA is one such entity. MEA and AUA are

1

separate legal entities. MEA provides AUA a range of back office and administrative services, under a services contract. A true and correct copy of the AUA-MEA services contract is attached hereto as Ex. 1. MEA does not make substantive, academic decisions regarding AUA's students. Rather, MEA handles certain administrative matters for AUA. These services include, for instance, coordinating and managing the paperwork for AUA students' clerkships and clinical rotations at U.S. hospitals; processing tuition or exam fees; and handling the administrative aspects of the admission and termination of AUA's U.S.-based students.

6. In her First Amended Complaint, Plaintiff has stated that all of her clinical coordinators worked out of "AUA's offices in New York City," and these included "Antonia Craig, Corey Greenberg, Maria Cepeda, Maria Pimentel, Dan O'Connell, Cory Lederman." (First Am. Compl. ¶ 13.) First, as noted above, AUA does not have offices in the United States. MEA, which is a separate legal entity, does have offices in New York. Second, none of the coordinators Plaintiff has identified were AUA employees. They appear to be MEA employees, who were providing certain administrative services to AUA, consistent with AUA's and MEA's services-agreement. In this case, as alleged by Plaintiff, they were assisting an AUA student with arranging clinical rotations.

7. All of the decisions regarding whether and what accommodations to provide students are made by AUA's clinical psychologist in Antigua, Dr. James Rice. In particular, Dr. Rice reviews and assesses student requests for accommodations and decides whether and to what extent to grant them.

8. AUA was not served with legal process in this action. AUA does not have an agent who is authorized to accept service of process on behalf of AUA in New York. MEA and its employees are not authorized to accept service of legal process on behalf of AUA.

9. In order to qualify for the USMLE Step 2 exam, all AUA students are required to obtain a minimum score of at least 79 on the Comprehensive Clinical Shelf Exam ("CCSE").

10. During the period relevant to Plaintiff's complaint, Dr. Juli Valtschanoff, AUA's Chief Proctor, was based in Antigua. He conducted the search for a university that could accommodate Plaintiff's request to take the CCSE over a two-day period, but was unable to find such a site.

11. All academic decisions regarding AUA students, including promotions and dismissals, are made by AUA's Promotions Committee. Students can appeal the decisions of the Promotions Committee to AUA's Appeals Committee. Both the Promotions Committee and the Appeals Committee are based on-campus, in Antigua, and are comprised of AUA's senior faculty, who are located in Antigua.

12. AUA's decision to dismiss Plaintiff from the M.D. program for failure to meet her graduation requirements was made by the Promotions Committee, in Antigua. Plaintiff appealed that decision to the Appeals Committee, which affirmed the decision, also in Antigua.

Dated: Coolidge, Antigua
January 29, 2020

_____
Vernon Solomon