# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: __HON. SALIANN SCARPULLA__          PART __19__
                        *Justice*

| | |
|---|---|
| Index Number : 156081/2012 | INDEX NO. _____ |
| GARCIA, JOSEPH | MOTION DATE _____ |
| vs. | MOTION SEQ. NO. _____ |
| AMERICAN UNIVERSITY | |
| SEQUENCE NUMBER : 001 | |
| DISM ACTION/INCONVENIENT FORUM | |

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion is

decided per the memorandum decision dated 10/17/13
which disposes of motion sequence(s) no. 001

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: 10/17/13                                          _Saliann Scarpulla_ J.S.C.

1. CHECK ONE: ............................................. ☒ CASE DISPOSED          ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☒ GRANTED   ☐ DENIED   ☐ GRANTED IN PART   ☐ OTHER

3. CHECK IF APPROPRIATE: ................................. ☐ SETTLE ORDER          ☐ SUBMIT ORDER
                                                          ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUTY OF NEW YORK: CIVIL TERM: PART 19
------------------------------------------------------------------------X
JOSEPH GARCIA,

                        Plaintiff,                              Index No: 156081/12
                                                               Submission Date: 5/8/13

            -against-                                          **DECISION AND ORDER**

AMERICAN UNIVERSITY OF ANTIGUA-SCHOOL
OF NURSING,

                        Defendants.
------------------------------------------------------------------------X

For Plaintiff:                          For Defendants:
Keith DeVries, Esq.                     Law Offices of Leonard A. Sclafani, Esq.
225 Broadway, Suite 3000                One Battery Park Plaza, 33rd Floor
New York, NY, 10007                     New York, NY, 10004

Papers considered in review of the motion to dismiss or in the alternative for summary judgment:

            Notice of Motion ............ 1
            Aff in Opposition ............ 2
            Reply Memorandum ........ 3

HON. SALIANN SCARPULLA, J.:

In this action to recover damages for false advertising, defendant American

University of Antigua School of Nursing ("AUASON") moves to dismiss the action on

the grounds of *forum non conveniens*, or alternatively, for summary judgment.

Plaintiff Joseph Garcia ("Garcia") is a New Jersey resident who applied to

AUASON, a nursing school located in the island nation of Antigua and Barbuda.  Prior to

enrolling in AUASON, Garcia believed he would be eligible to take the National Council

Licensure Examination (NCLEX-RN) in New York after graduation.  Garcia formed this

belief based on information from the AUASON website and information from alleged

1

phone conversations he had with AUASON personnel who assured him of this eligibility prior to his arrival in Antigua.

In or about January of 2011, Garcia arrived in Antigua to attend orientation and was told by AUASON's director of admissions that due to internal disputes within the Antiguan education system, the New York State Education Department did not consider AUASON an accredited institution, and therefore AUASON's graduates would not be eligible for the NCLEX-RN in New York in late September 2011. Garcia then withdrew from AUASON, received a refund of his tuition, and returned to the United States.

In or about September 2012, Garcia commenced this action seeking to recover damages for fraud, misrepresentation, and violations of §349 and §350 of the New York Business Law. According to the allegations of the complaint, Garcia claimed that AUASON personnel falsely reassured him of AUASON's accredited status in New York and its graduates' eligibility to take the NCLEX-RN in New York.

AUASON now moves to dismiss the action on the grounds of *forum non conveniens*. In support of its motion, AUASON submits the affidavit of J.S. Nagra ("Nagra"), the Executive Dean of American University of Antigua, of which AUASON is a part. In his affidavit, Nagra states that many of the witnesses are officials of the Government of Antigua and Barbuda who are not under AUASON control, and almost all relevant documents are located in Antigua. AUASON argues that the action should be dismissed because neither party is a resident of New York, the transaction

2

out of which the action arose occurred primarily in Antigua, the relevant evidence is located in Antigua, and because the court would have to apply Antiguan law.

In opposition to the motion, Garcia submits screenshots from the AUASON website, AUASON's letters related to Garcia's admission and enrollment, and a letter listing AUASON's head office as 2 Wall Street, New York, New York. Based on this letter, Garcia argues that the office on 2 Wall Street, New York, New York was operated by AUASON. Garcia also maintains that AUASON committed fraud, because at the time Garcia enrolled in the school in 2011, its graduates were still ineligible for the NCLEX-RN in New York. Finally, Garcia submits an affidavit in which he states that he received multiple assurances from the school that its graduates would be eligible for the NCLEX-RN.

To refute Garcia's claims that AUASON operates an office in New York, AUASON further submits a lease for the 2 Wall Street office listing Greater Caribbean Learning Resources LLC ("GCLR") as tenant. It also submits a service contract, which provides that the 2 Wall Street office is operated by GCLR and provides accounting, financial aid processing, admissions, and other administrative services.

**Discussion**

The doctrine of *forum non conveniens* "permits a court to stay or dismiss such actions where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere." *Islamic Republic of Iran v. Pahlavi*, 62 N.Y.2d 474, 478-479 (1984). The burden is on the movant to show the balance of relevant factors weigh in

3

favor of dismissal. Some of these factors include "the burden on the New York Courts, the potential hardship to the defendants, whether both parties to the action are nonresidents and whether the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction." *Id.* The location of documents and witnesses is also a consideration. *Phat Tan Nguyen v. Banque Indosuez*, 19 A.D.3d 292 (1st Dept. 2005); *World Point Trading PTE v. Credito Italiano*, 225 A.D.2d 153 (1st Dept. 1996).

AUASON has met its burden of proving that the action should be dismissed on the grounds of *forum non conveniens*. Both parties to the action are nonresidents of New York. Garcia tendered tuition for the nursing program at AUASON's campus in Antigua. AUASON's only connection with New York was through GCLR, but GCLR's role was limited to administrative services. *Patel v. AUA*, 104 A.D.3d 568 (1st Dept. 2013). In addition, most of the pertinent documents as well as witnesses, particularly school officials, are located in Antigua, outside the reach of New York's subpoena power.

In accordance with the foregoing, it is hereby

ORDERED that defendant American University of Antigua School of Nursing's

4

motion to dismiss the action based on *forum non conveniens* is granted and the action is

dismissed; and it is further

      ORDERED that the Clerk is directed to enter judgment accordingly.

      This constitutes the decision and order of the Court.

Dated:      New York, New York
              October 18  , 2013

                         ENTER:

                         Saliann Scarpulla, J.S.C.

5