DECLARATION OF DEBBIE-ANN BROMFIELD-THOMPSON

My name is Debbie-Ann Bromfield-Thompson and I am over the age of 18 and competent to testify.

1. In the Fall of 2010 I transferred from St. Matthews University School of Medicine, an offshore medical school, to American University of Antigua Medical School (AUA) clinical program. At the time of my transfer I had completed all my basic science courses at St. Matthews University School of Medicine in the country of Cayman Islands.

2. At the time I applied to AUA I spoke extensively with their Admissions office in New York City, the location of their staff for assigning clinical rotations which promised that I would be assigned clinical rotations within my geographic area because the school was constantly growing and adding clinical sites.

3. At no point did I interact with anyone from AUA's campus on the Island of Antigua, and at no point did I ever visit the AUA campus on the Island of Antigua.

4. My first clinical course began at Wycoff Hospital in New York City in ICM, during the Fall of 2010, and represented the first time I had sought accommodation from AUA for my dyslexia .

5. AUA appeared to lack any department that handled accommodations' requests and they notified me that this was the first time anyone had ever sought accommodations for the ICM exam.

6. I was instructed to send by facsimile a copy of my psychological report to Dr. Rice (who is not qualified in dyslexia discipline). I faxed a 28 page report to him, after which I was approved by AUA to sit the exam with
accommodation of extra time. That report stipulated that I was to be accorded up to double time for test taking.

7. Despite having sent the report, I encountered problems with obtaining accommodations for the various shelf exams that I was required to sit subsequent to completion of my rotations,

causing me to show up at the Prometric centers on numerous occasions only to discover that no arrangements were made for accommodating me.

8.      I would communicate issues regarding the lack of accommodations to Dr. Peter Bell, Executive Dean of Clinical Sciences, and Craig Hauser Vice President of University Administration, both of whom were located in AUA's New York City offices. Their solution to the problem would be to make the proper accommodations through NBME and for me to re-take the exams.

9.      The constant re-taking of the exams resulted in enormous stress and increased financial cost. AUA even had me pay the cost for securing a separate room for sitting the exam as recommended by my psychological report.

10.     When I retook the exams with adequate accommodation my scores far exceeded AUA's threshold requirements for passage.

11.     AUA constantly changed the requirements for graduation and instituted a new requirement that all students should take and pass a practice exam, called the CCSE, prior to sitting for the official Exam, USMLE CK 2.

12.     Under AUA's policy for the CCSE, there were no limits as to how often I was able to sit the exam.

13.     Because of the time constraint AUA had imposed for me to graduate, there was little room for error and I kept attempting to complete the CCSE exam within the time frame allotted me by AUA/NBME even though it was clear that the accommodation was either lacking or inadequate.

14.     After all my unsuccessful attempts I would notify AUA that the accommodations extended were not working and that they should allow me to sit the exam over a 2-day period as was the practice for onshore schools and as was the practice for the taking of the official

USMLE CK 2.

15. This request caused much consternation amongst AUA's executive staff in New York City because of their claim that they were unable to accommodate my request.

16. I spoke directly with a staffer at NBME who told me that the Prometric Center with whom they contracted for the taking of exams was unable to accommodate sitting for the CCSE over a 2-day period and that NBME recognized that this was a problem and believed that in the not too distant future the problem would be remedied to enable students needing accommodation for the CCSE exam to sit for the exam over a 2-day period at the prometric centers.

17. I found it unusual that NBME was able to allot 2 days for the taking of the official exam at the Prometric Center , USMLE CK 2, but was unable to do so for their own practice exam, the CCSE at the Prometric Center.

18. From my standpoint the CCSE was just as important as the USMLE CK 2 because it was a condition precedent imposed by AUA for the taking of the USMLE CK 2.

19.. NBME further stated that if AUA were able to locate a site tin the USA hat would allow me to take the exam over a 2-day period they would furnish a proctor.

20. AUA was unable to furnish a site for the taking of the exam over a 2-day period and proposed instead the alternative of double time with breaks in between for completion of roughly 11 plus hours straight.  As is set forth in my First Amended Complaint there were problems in taking the exam as the time kept running during the breaks and the long period of time sitting in an awkward position and staring at a computer screen caused pain and fatigue and interfered with my level of concentration and ability to read and decode information.

21. Upon notifying AUA of the aforementioned problems the school through Registrar Booth characterized my accommodation problems as "personal" and noted that they could no longer accommodate me, notwithstanding the fact that they were fully aware that adequate accommodation required 2 days to complete the exam.

22. Registrar Booth's letter was followed up by one from a Dr. H.R. Morcos, Chair of Promotions Committee who indicated that my dismissal on July 5th, 2016 was based on my failure to meet the terms of readmission, and gave a deadline for appealing.

23. Despite having filed an appeal within the deadline established nothing was heard from the University. That appeal noted that I had until June 2017 to complete my Degree and that my dismissal for purportedly failing to complete the terms of readmission was premature. I did not even calculate into that time period the delays by AUA in offering clinical rotations (almost 2 years) and the delays occasioned by their inability to facilitate adequate accommodation on past shelf exams causing me to constantly having to retake those exams.

24. AUA also violated US Justice Department regulations by requiring me to obtained a second test in order to justify extending the requested accommodation

I declare under penalty of perjury that the foregoing is true and correct.


/s/<u>Debbie-Ann Bromfield-Thompson</u>
Debbie-Ann Bromfield-Thompson

March 3rd, 2020