UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                          :
DEBBIE ANN BROMFIELD-THOMPSON,                            :
                                                          :
                                    Plaintiff,            :
                                                          :                    19-CV-6078 (JMF)
                  -v-                                     :
                                                          :                    OPINION AND ORDER
AMERICAN UNIVERSITY OF ANTIGUA/MANIPAL                    :
EDUCATION AMERICAS LLC, a/k/a GCLR, LLC et                :
al.,                                                      :
                                                          :
                                    Defendants.           :
                                                          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff Debbie Ann Bromfield-Thompson, proceeding without counsel, brings claims

against American University of Antigua ("AUA"), Manipal Education Americas, LLC ("MEA"),

and the National Board of Medical Examiners ("NBME") arising out of her dismissal as a

student at AUA's medical school.  In particular, liberally construed, the First Amended

Complaint (the "Complaint") alleges violations of the Americans with Disabilities Act, the

Rehabilitation Act, the New York Human Rights Law, and the New York City Human Rights

Law, as well as breach of contract and breach of the implied covenant of good faith and fair

dealing.  *See* ECF No. 45 ("Compl."), ¶¶ 5, 7-8.[1]  Defendants now move, pursuant to various

provisions of Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Bromfield-

Thompson's claims.  *See* ECF Nos. 50, 55.  For the reasons that follow, the Court concludes that,

even giving Bromfield-Thompson the "special solicitude" to which she is entitled as a *pro se*

---

[1]      The Complaint also includes claims of intentional and negligent infliction of emotional
distress, *see* Compl. ¶¶ 103-05, but Bromfield-Thompson is no longer pursuing them, *see* ECF
No. 61 ("Opp'n"), at 20, so they are dismissed.

litigant, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), Defendants' motions must be granted.  Accordingly, Bromfield-Thompson's Complaint is dismissed.

## BACKGROUND

The following facts are, unless otherwise noted, drawn from the Complaint; documents that are attached to, integral to, or incorporated by reference in the Complaint; and allegations in Bromfield-Thompson's opposition papers (so long as they are consistent with the Complaint), and are assumed to be true for purposes of these motions.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see also, e.g.*, *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).  To the extent that AUA and NBME move to dismiss for lack of personal jurisdiction and insufficient service of process, however, the Court may — and does — also consider documents beyond the foregoing.  *See, e.g.*, *Sullivan v. Walker Constr., Inc.*, No. 18-CV-09870 (AJN), 2019 WL 2008882, at *1 (S.D.N.Y. May 7, 2019); *Martinez v. SEIU Local 32BJ*, No. 18-CV-3961 (JMF), 2019 WL 1259381, at *1 n.1 (S.D.N.Y. Mar. 19, 2019).

Bromfield-Thompson is — and was at all times relevant to this case — a resident of Washington, D.C.  Compl. ¶ 11.  After receiving an undergraduate degree from Howard University, she enrolled in medical school at St. Matthews University School of Medicine.  *See id.* ¶¶ 1, 12.  In 2010, she transferred to AUA as a fifth-semester medical student.  *See id.* ¶ 37.  AUA, an Antiguan medical school, contracts with MEA to provide certain services, with MEA acting as AUA's agent.  *See id.* ¶¶ 16, 18.  AUA also has agreements with NBME, "a private non-profit organization with its principal office located in Philadelphia, Pennsylvania," that designs and sponsors medical examinations.  *Id.* ¶¶ 6, 12, 21.  By the time she transferred, Bromfield-Thompson had already completed her required classroom studies and needed only to "complete her clinical rotations" — "also known as clerkships" — and "sit for a series of

licensure exams administered by the NBME before applying for residences at hospitals located throughout the United States and Canada." *Id.* ¶ 12.

Bromfield-Thompson is dyslexic and, after enrolling at AUA, she sought and received as an accommodation time-and-a half when taking required examinations. *See id.* ¶¶ 1, 38. One of the exams that Bromfield-Thompson was required to pass to graduate was the Comprehensive Clinical Science Exam ("CCSE"), an NBME-designed test. *See id.* ¶¶ 21, 42, 50; ECF No. 46, Ex. 1, at 3.[2] Bromfield-Thompson took the CCSE three times in 2014 — each time receiving time-and-a-half and each time taking the test at a site in Virginia — but she was unsuccessful each time. *See* Compl. ¶¶ 30, 50. In June 2015, Bromfield-Thompson was administratively withdrawn from AUA because she had been inactive for at least six months, *id.* ¶ 46, but was subsequently re-admitted on "the condition that [she] complete the remaining requirements for graduation" — including "passage of the [CCSE] with a score of at least 79"— by "no later than March 31, 2016," *id.* ¶¶ 47-48 (internal quotation marks omitted). "[F]ailure to satisfy the requirements by the set date would result in dismissal." *Id.* ¶ 48. On November 25, 2015, Bromfield-Thompson took the CCSE for a fourth time, this time with double-time after requesting and receiving a more generous accommodation. *Id.* ¶¶ 51-53. Nevertheless, she still did not obtain a passing score. *See id.* ¶ 53-54.

Bromfield-Thompson then contacted NBME to complain about the conditions under which she took the test, explaining that taking it in one lengthy sitting caused her "excruciating pain." *Id.* ¶¶ 53-54. An NBME employee communicated to both Bromfield-Thompson and AUA that it was possible to offer the CCSE in a two-day format. But the vendor that AUA used

---

[2]     The exhibits collected in ECF No. 46 use inconsistent pagination, so citations to them are to the page numbers generated by the Court's electronic filing system.

to administer Bromfield-Thompson's exams did not allow for this format; AUA would instead have to make arrangements with another medical school that could provide an examination site and allowed for the two-day format. *See id.* ¶ 56, ECF No. 46, ex. 13, at 19. The matter was referred to Dr. Juli Valtschanoff, an AUA employee based in Antigua, who tried, but failed, to find an alternative suitable testing location in the Washington, D.C. area. *See* Compl. ¶ 57; ECF No. 46, Ex. 17, at 28. Instead, AUA worked with its testing vendor and NBME "to add more than double time to the exam to enable Plaintiff to take breaks." Compl. ¶ 60. In addition, AUA extended Bromfield-Thompson's deadline for completion of her graduation requirements until July 31, 2016. *Id.* ¶ 58. On July 1, 2016, Bromfield-Thompson took the CCSE for a fifth time, once again in Virginia, with the new accommodations that AUA had arranged. *See id.* ¶ 61. Once again, Bromfield-Thompson failed to achieve a passing score. *See id.* ¶ 64. On July 5, 2016, AUA informed Bromfield-Thompson that she had been dismissed from the school in light of her failure to obtain a passing score on the test; it followed up with a formal letter, dated July 8, 2016, explaining that the dismissal decision was made by the school's Promotions Committee. *See id.* ¶ 96; ECF No. 46, Ex. 14, at 23; *id.*, Ex. 15, at 24. Bromfield-Thompson appealed her dismissal but says AUA never responded. *See* Compl. ¶¶ 35, 67.

## DISCUSSION

Defendants move to dismiss on a range of grounds. First, AUA moves to dismiss for insufficient service of process pursuant to Rule 12(b)(5); for lack of personal jurisdiction pursuant to Rule 12(b)(2); and for failure to state a claim pursuant to Rule 12(b)(6). Second, NBME moves to dismiss for lack of standing pursuant to Rule 12(b)(1); for lack of personal jurisdiction pursuant to Rule 12(b)(2); and for failure to state a claim pursuant to Rule 12(b)(6).

And third, MEA moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). The Court will consider each Defendant's motion in turn.

## A. AUA's Motion

As noted, AUA moves to dismiss Bromfield-Thompson's claims on various grounds, including insufficient service of process pursuant to Rule 12(b)(5). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.* (internal quotation marks omitted). In deciding a motion to dismiss for insufficient service of process, a court "must look to 'matters outside the complaint' . . . and 'must also consider the parties' pleadings and affidavits in the light most favorable to the non-moving party.'" *Martinez*, 2019 WL 1259381, at *1 n.1 (quoting *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442-43 (S.D.N.Y. 2016)). "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *George*, 221 F. Supp. 3d at 432 (internal quotation marks omitted). In the absence of "a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 173 (E.D.N.Y. 2015) (internal quotation marks omitted). "Conclusory statements that service was properly effected are insufficient to carry that burden." *C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (internal quotation marks omitted); *see also Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

Applying these standards here, the Court concludes that Bromfield-Thompson's claims against AUA must be dismissed.  Bromfield-Thompson had two options for serving AUA "in a judicial district in the United States."  Fed. R. Civ. P. 4(h)(1).[3]  First, she could serve AUA "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B).  Second, pursuant to New York state law, she could serve AUA by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. 311(a)(1).  Bromfield-Thompson asserts that she satisfied these requirements because she "served American University of Antigua/Manipal Education Americas, LLC at its New York City Office located at 1 Battery [Plaza], 33rd Floor, New York, NY 10004" on October 8, 2019.  Opp'n 27.  But that assertion does not withstand scrutiny.

First, AUA provides sworn statements asserting that it has no office in New York (or anywhere in the United States).  *See* ECF No. 58 ("Solomon Decl."), ¶ 4.  Conclusory allegations in her Complaint aside, the only evidence Bromfield-Thompson points to that suggests otherwise is a photograph allegedly taken by the process server on the day of service, presumably of a logo on a wall at the office visited.  *See* Opp'n 28; ECF No. 61-1, Ex. 3, at 5.  If anything, however, the photograph, which reads "Manipal Education Americas, LLC Agent For: AUA American

---

[3]     Because AUA is an Antiguan medical school, service could also have been effected "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2). Bromfield-Thompson does not allege service in that manner.

University of Antigua," supports the conclusion that the location was MEA's office, not AUA's.[4]

Second, and in any event, service was insufficient because the summons and complaint were not

served on an AUA employee, let alone someone authorized to receive service on AUA's behalf.

To the contrary, the complaint and summons were served on Anita O'Brien, an administrative

assistant at MEA who was "not authorized to accept service of process on behalf of AUA."  ECF

No. 57, ("O'Brien Decl."), ¶¶ 1-2; Solomon Decl. ¶ 8.  Notably, O'Brien affirms that the process

server "did not ask [her], and at no point did [she] tell [him] that [she] was a member of AUA's

Legal Department, employed by AUA in any capacity, or authorized to accept service of process

for AUA."  O'Brien Decl. ¶ 2.  And Bromfield-Thompson provides no evidence to the contrary.

At best, her process server attests that, when he arrived at the office, he told "a receptionist" that

he "had legal documents for American University of Antigua/MEA," at which point she said she

would "go get someone who can accept those" for him.  ECF No. 61-1, Ex. 2, at 4.  Thereafter,

O'Brien "came out" and "accepted the documents," saying "nothing to the effect that she was not

authorized to accept the documents."  *Id.*  In the face of O'Brien's declaration, however, that

does not suffice.  *See, e.g.*, *Oyewole v. Ora*, 291 F. Supp. 3d 422, 430 (S.D.N.Y. 2018)

(dismissing for lack of service where "[the defendant] has provided sworn declarations stating

that [the recipient] was not authorized to accept service on behalf of [the defendant] and never

told the process server that he was"), *aff'd*, 776 F. App'x 42 (2d Cir. 2019) (summary order);

*Hailey v. Hyster Co.*, 593 N.Y.S.2d 317, 318 (App. Div. 1993) (finding a failure to serve where

---

[4]      The alleged relationship between MEA and AUA does not obviate Bromfield-Thompson's obligation to properly serve AUA in its own right.  *See, e.g.*, *Radiancy, Inc. v. Viatek Consumer Prod. Grp., Inc.*, 138 F. Supp. 3d 303, 314 (S.D.N.Y. 2014) ("New York Courts have consistently held that service of process on one corporation does not confer jurisdiction over another, even where one corporation may wholly own another, or where they may share the same principals." (internal quotation marks omitted)).

"[t]he process server served an individual who was not employed by the defendant, at a location where the defendant did not maintain an office" and "it is undisputed that the process server made no inquiry to determine the relationship of the [individual] to the defendant, or what duties she performed, or whether she was authorized to accept service of process").

Bromfield-Thompson has been on notice of the defect in service on AUA since at least December 9, 2019, when AUA and MEA filed their motion to dismiss the original complaint, *see* ECF No. 37, at 16-17, but she has taken no steps to correct it.  Accordingly, AUA's motion to dismiss for insufficient service of process can and must be granted.  *See, e.g.*, *Pope v. Rice*, No. 04-CV-4171 (DLC), 2005 WL 613085, at *15 n. 19 (S.D.N.Y. Mar. 14, 2005) ("[B]ecause plaintiff has been officially on notice for almost three months that [the defendant] was contesting sufficiency of service of process, and has made no effort to correct the filing deficiency, it is appropriate to grant the motion to dismiss.").[5]

## B.  NBME's Motion

NBME also moves to dismiss Bromfield-Thompson's claims on various grounds, including lack of personal jurisdiction pursuant to Rule 12(b)(2).  "The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  "On a Rule 12(b)(2) motion, a defendant may submit affidavits and documents beyond the pleadings, and a court 'may determine the motion on the basis of affidavits alone; or [the court] may permit discovery in aid of the motion; or [the court] may conduct an evidentiary

---

[5]     Under Rule 4(m), this dismissal is technically without prejudice, although the statute of limitations may well preclude Bromfield-Thompson from bringing new claims against AUA. Moreover, such claims may be subject to dismissal for one or more of the other reasons that AUA presses.  The Court need not and does not decide those issues here.

hearing on the merits of the motion.'" *Sullivan*, 2019 WL 2008882, at *1 (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).  If the Court determines that an evidentiary hearing is not needed, then the "plaintiff must make a prima facie showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)).  "In evaluating whether the requisite showing has been made," the Court must "construe the pleadings and any supporting materials in the light most favorable to" Bromfield-Thompson.  *Id.* at 167.

To decide whether personal jurisdiction over NBME is proper, the Court must decide: "(1) whether there is jurisdiction under New York law; and (2) whether the exercise of jurisdiction would be consistent with federal due process requirements." *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 45 (2d Cir. 2016) (summary order).  There are "two categories of personal jurisdiction: general and specific personal jurisdiction." *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014) (internal quotation marks omitted).  The first — general, or all-purpose jurisdiction — "permits a court to hear any and all claims against an entity." *Id.* (internal quotation marks omitted).  Notably, it is consistent with due process only when a "corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotation marks and alterations omitted).  In general, a corporation is "at home" only in the state where it is incorporated or where it has its principal place of business.  *See id.* at 139 & n.19.  "Specific jurisdiction, on the other hand, permits adjudicatory authority only over issues that arise out of or relate to the entity's contacts with the forum." *Gucci America, Inc.*, 768 F.3d at 134 (internal quotation marks and alterations omitted).  Here, Bromfield-Thompson predicates specific jurisdiction on New York's long-arm statute, which provides, in relevant part, that "a

court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through

an agent . . . transacts any business within the state or contracts anywhere to supply goods or

services in the state." N.Y. C.P.L.R. 302(a)(1); *see* Opp'n 30.[6]

       Here, Bromfield-Thompson's protestations notwithstanding, the Court plainly lacks

general jurisdiction over NBME as the company is incorporated in Washington, D.C. and has its

principal place of business in Pennsylvania, not New York. *See* ECF No. 51 ("Kershen Decl."),

¶ 3; *see, e.g.*, *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) ("[W]hen a

corporation is neither incorporated nor maintains its principal place of business in a state, mere

contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an

'exceptional case.'"). Meanwhile, the ties between NBME's conduct in this case and New York

are too meager to support specific jurisdiction under Section 302(a)(1) (let alone due process).

The principal claims against NBME, a Pennsylvania corporation, relate to tests that Bromfield-

Thompson, a Washington, D.C. resident enrolled at an Antiguan medical school, took in

Virginia. *See* Compl. ¶¶ 6, 11-12, 21, 30. The only alleged connection between NBME's

conduct in this case and New York is that "NBME coordinated with AUA's New York City

office with respect to test taking accommodations for Plaintiff on at least fourteen different

occasions prior to Plaintiff's dismissal." Compl. ¶ 29; *see also id.* ¶¶ 17, 22. But, putting aside

the fact that AUA maintains that it does not even have an office in New York, *see* Solomon Decl.

¶ 4, these communications are insufficient to confer jurisdiction here. *See, e.g.*, *Marvel*

*Characters, Inc. v. Kirby*, 726 F.3d 119, 128-29 (2d Cir. 2013) ("'New York courts have

---

[6]     Bromfield-Thompson also appears to invoke Rule 4(k)(1)(B) as a basis for personal
jurisdiction over NBME, *see* Compl. ¶ 29, but that Rule applies only to "a party joined under
Rule 14 or 19" — not to a party, like NBME, originally named in the complaint. Fed. R. Civ. P.
4(k)(1)(B); *see, e.g.*, *Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC*, No. 07-CV-
00349 (RJH), 2007 WL 704171, at *2 (S.D.N.Y. Mar. 7, 2007).

consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's

communication from another locale with a party in New York.'" (quoting *Beacon Enters., Inc. v.*

*Menzies*, 715 F.2d 757, 766 (2d Cir. 1983)); *Maranga v. Vira*, 386 F. Supp. 2d 299, 306

(S.D.N.Y. 2005) ("[C]ommunications into New York will only be sufficient to establish personal

jurisdiction if they were related to some transaction that had its center of gravity inside New

York, into which a defendant projected himself." (internal quotation marks omitted)).[7]

## C.  MEA's Motion

That leaves MEA, which moves, pursuant to Rule 12(b)(6), to dismiss Bromfield-

Thompson's claims for failure to state a claim.  In evaluating a Rule 12(b)(6) motion, a court

must accept all facts set forth in the complaint as true and draw all reasonable inferences in the

plaintiff's favor.  *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir.

2008) (per curiam).  A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff

alleges facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

U.S. at 556).  A plaintiff must show "more than a sheer possibility that a defendant has acted

---

[7]     Bromfield-Thompson's assertion that she "was a third-party beneficiary of the agreement
between AUA and NBME with respect to the implementation of accommodations' requirements
for sitting the CCSE exam," Compl. ¶ 98, does not change the Court's analysis or conclusion.
*See, e.g.*, *Berkshire Capital Grp., LLC v. Palmet Ventures, LLC*, 307 F. App'x 479, 481 (2d Cir.
2008) (summary order) (rejecting personal jurisdiction over an Illinois corporation under New
York's long-arm statute where a contract was negotiated through telephone calls and emails to
New York because "[t]he mere fact that it engaged in *some* contact with a New York purchaser
does not mean that [the defendant] transacted business in New York").

unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555.  If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Applying these standards here, MEA's motion must be granted.  Although MEA is named in several of Bromfield-Thompson's claims, *see* Compl. ¶¶ 72-102, the Complaint is devoid of any allegations that MEA engaged in wrongdoing.  In fact, nearly all of the allegations pertaining to MEA are jurisdictional, *see, e.g.*, *id.* ¶ 23 (alleging that MEA and AUA share an office in New York); *id.* ¶ 29 (alleging MEA "regularly transact[s] business in New York"), or merely describe some aspect of the relationship between MEA and AUA, *see, e.g.*, *id.* ¶ 18 ("AUA has a service agreement with MEA . . . ."); *id.* ¶ 25 (describing MEA as AUA's "agent"). Even together, these allegations are plainly insufficient to support a "reasonable inference" that MEA "is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *see, e.g.*, *Medina v. Bauer*, No. 02-CV-8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (Chin, J.) (noting that, "at a minimum," a complaint must "give *each defendant* fair notice of what the plaintiff's claim is and the ground upon which it rests" (emphasis added) (internal quotation marks omitted); *see also, e.g.*, *Fierro v. City of New York*, No. 12-CV-3182 (AKH), 2013 WL 4535465, at *2 (S.D.N.Y. Apr. 22, 2013) (dismissing claims against one defendant that "remains a separate legal entity" from another defendant where the plaintiff had "made no allegations that [the first defendant] engaged in wrongful conduct").  In arguing otherwise, Bromfield-Thompson asserts that "virtually all the emails sent from AUA's New York City Office lists [sic] MEA as their agent or representative."  Opp'n 23.  But even if that is true, it would not suffice, as Bromfield-Thompson's own allegations establish that AUA — not MEA — was responsible for the actions giving rise to her claims. *See* Compl. ¶¶ 38, 51-52 (explaining that AUA personnel in

12

Antigua evaluated and approved her requests for accommodations); *id.* ¶¶ 51, 57 (explaining that

AUA's "Executive Dean of Clinical Studies," "Ombudsman," "Chief Proctor" responded to her

request for a two-day format); *see also* ECF No. 46, Ex. 15, at 24 (explaining that AUA's

Promotions Committee decided to dismiss her from the medical program).  Accordingly,

Bromfield-Thompson's claims against MEA must be and are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motions are GRANTED and Bromfield-

Thompson's Complaint is dismissed in its entirety.  In particular, Bromfield-Thompson's claims

against AUA are dismissed (without prejudice) pursuant to Rule 12(b)(5) for insufficient service

of process; her claims against NBME are dismissed (without prejudice to re-filing in a district

with personal jurisdiction over NBME, *see Smith v. United States*, 554 F. App'x 30, 32 n.2 (2d

Cir. 2013) (summary order)) pursuant to Rule 12(b)(2) for lack of personal jurisdiction; and her

claims against MEA are dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  The

Court need not, and does not, consider Defendants' other arguments for dismissal.

The Court declines to *sua sponte* grant Bromfield-Thompson leave to amend.  Although

leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and

courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal

reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA

Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks

omitted), it is "within the sound discretion of the district court to grant or deny leave to

amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Bromfield-

Thompson already amended her complaint, and she neither seeks leave to amend again nor

suggests that she possesses any additional facts that could cure the defects in her dismissed

claims.  *See, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF),

2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to

certain claims in the absence of any suggestion that additional facts could remedy defects in the

plaintiff's pleading).  Furthermore, Bromfield-Thompson was on notice of Defendants'

arguments when she filed her current Complaint given that Defendants had made the same

arguments in support of their motions to dismiss the original complaint, *see* ECF Nos. 16, 37,

and Bromfield-Thompson was expressly warned that she would "not be given any further

opportunity to amend the complaint to address issues raised by the motion[s] to dismiss," ECF

No. 24.  In light of these circumstances, the Court will not *sua sponte* grant leave to amend.  *See,*

*e.g.*, *Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10,

2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample

notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.").

   The Clerk of Court is directed to terminate ECF Nos. 50 and 55 and to close the case.


   SO ORDERED.

Dated: October 13, 2020
   New York, New York

JESSE M. FURMAN
United States District Judge