UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEBBIE ANN BROMFIELD-THOMPSON,

                    Plaintiff,

    -against-                                   19 **CIVIL** 6078 (JMF)

## JUDGMENT

AMERICAN UNIVERSITY OF ANTIGUA/
MANIPAL EDUCATION AMERICAS LLC,
a/k/a GCLR, LLC et al.,

                    Defendants.
------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated October 13, 2020, Defendants' motions are GRANTED and Bromfield-Thompson's Complaint is dismissed in its entirety. In particular, Bromfield-Thompson's claims against AUA are dismissed (without prejudice) pursuant to Rule 12(b)(5) for insufficient service of process; her claims against NBME are dismissed (without prejudice to re-filing in a district with personal jurisdiction over NBME, see Smith v. United States, 554 F. App'x 30, 32 n.2 (2d Cir. 2013) (summary order)) pursuant to Rule 12(b)(2) for lack of personal jurisdiction; and her claims against MEA are dismissed pursuant to Rule 12(b)(6) for failure to state a claim. The Court need not, and does not, consider Defendants' other arguments for dismissal. The Court declines to sua sponte grant Bromfield-Thompson leave to amend. Although leave to amend should be freely given "when justice so requires, Fed. R. Civ. P. 15(a)(2), and courts should generally grant pro se plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marksomitted), it is "within the sound discretion of the district court to grant or deny leave to amend," McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Bromfield-Thompson already

amended her complaint, and she neither seeks leave to amend again nor suggests that she possesses any additional facts that could cure the defects in her dismissed claims. See, e.g., Fischman v. Mitsubishi Chem. Holdings Am., Inc., No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Furthermore, Bromfield-Thompson was on notice of Defendants' arguments when she filed her current Complaint given that Defendants had made the same arguments in support of their motions to dismiss the original complaint, see ECF Nos. 16, 37, and Bromfield-Thompson was expressly warned that she would "not be given any further opportunity to amend the complaint to address issues raised by the motion[s] to dismiss," ECF No. 24. In light of these circumstances, the Court will not sua sponte grant leave to amend. See, e.g., Overby v. Fabian, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend sua sponte."); accordingly, this case is closed.

**Dated:** New York, New York

      October 13, 2020

                                            **RUBY J. KRAJICK**

                                            **Clerk of Court**

                   **BY:**    *K/Mango*

                                            **Deputy Clerk**