**MANDATE**

20-3855-cv
Bromfield-Thompson v. Am. Univ. of Antigua

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty-one.

PRESENT: Dennis Jacobs,
Steven J. Menashi,
   *Circuit Judges,*
Lewis J. Liman,
   *District Judge.*\*

_____

Debbie Ann Bromfield-Thompson,

   *Plaintiff-Appellant,*

v.   No. 20-3855

American University of Antigua, Manipal

_____

\* Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 11/29/2021

Education Americas, LLC,

         *Defendants-Appellees,*

American University of Antigua/Manipal
Education Americas, LLC, AKA GCLR, LLC,
NBME,

         *Defendants.*

_____

| | |
|---|---|
| *For Plaintiff-Appellant:* | Debbie Ann Bromfield-Thompson, pro se, Washington, DC. |
| *For Defendants-Appellees:* | Robb William Patryk, Amina Hassan, Hughes Hubbard & Reed LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Debbie Ann Bromfield-Thompson, proceeding pro se, appeals from the district court's judgment, entered on October 13, 2020, dismissing her disability discrimination action against appellees the American University of

2

Antigua ("AUA") and Manipal Education Americas, LLC ("MEA").[1] After allowing her an opportunity to amend her complaint, the district court determined that Bromfield-Thompson had not served AUA with process and that her complaint did not allege any wrongdoing by MEA, and therefore the district court dismissed her claims against these parties under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), respectively. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.  **Claims Against MEA**

We review de novo the district court's dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bromfield-

---

[1] Bromfield-Thompson does not challenge the dismissal of her claims against the remaining defendant, the National Board of Medical Examiners, so we do not consider those claims.

3

Thompson's amended complaint did not contain any allegations of wrongdoing by MEA. It asserted legal claims against "AUA/MEA" but every one of the supporting factual allegations stated that AUA was responsible for the wrongs alleged. Because there was no basis in the amended complaint to find MEA liable for any of her legal claims, the district court correctly dismissed her claims against MEA.

"It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) (alteration omitted) (quoting *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008)). Accordingly, we do not consider Bromfield-Thompson's arguments that MEA was engaged in a joint venture with AUA or was an independent contractor of AUA, or that she should have been allowed discovery on these issues, because she did not raise these claims before the district court.

## II. Claims Against AUA

We review a dismissal for insufficient service of process under Rule 12(b)(5) for abuse of discretion. *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010).

4

Bromfield-Thompson argues that Anita O'Brien, an employee of MEA who received the service documents from Bromfield-Thompson's service processor at MEA's office, was authorized to accept service on behalf of AUA because MEA was an agent of AUA, as demonstrated by a photograph on the wall of MEA's New York office and other evidence listing MEA as "agent for" AUA.

However, even assuming that MEA acted as AUA's agent in some respects, as this evidence suggests, that is not sufficient to establish that O'Brien was an agent authorized to accept service under federal or New York law. Bromfield-Thompson could have effected service either (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" according to Federal Rule of Civil Procedure 4(h)(1)(B), or (2) by delivering the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" according to N.Y. C.P.L.R. § 311(a)(1). Bromfield-Thompson did not provide any evidence that O'Brien was or purported to be an agent "authorized … to receive service" under these rules, and AUA provided sworn

5

statements that she was not so authorized. Accordingly, the district court did not abuse its discretion by dismissing Bromfield-Thompson's claims against AUA for failure to serve it with process.

Bromfield-Thompson argues that the district court abused its discretion in dismissing the complaint without granting her leave to amend her complaint for a second time. However, she did not request leave to amend her complaint a second time in the district court, and the district court clearly warned her that she would forfeit the chance to address any issues raised in the motions to dismiss if she did not address those issues in her amended complaint. Accordingly, the district court did not abuse its discretion by not offering her a second chance to address these issues. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004) (holding that the pro se litigants' "contention that the [d]istrict [c]ourt abused its discretion in not permitting an amendment that was never requested is frivolous" because "an amendment is not warranted absent some indication as to what appellants might add to their complaint in order to make it viable") (alteration and internal quotation marks omitted).

6

We have considered all of Bromfield-Thompson's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:  
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy  
Catherine O'Hagan Wolfe, Clerk  
United States Court of Appeals, Second Circuit